## THOMPSON *v.* BUTLER.

In a suit in the Circuit Court, where the defendant pleaded neither a set-off nor a counter-claim, the plaintiff remitted so much of a verdict in his favor as was in excess of $5,000, and took judgment for the remainder "in coin." The defendant sued out a writ of error. *Held,* that the amount in controversy, whether payable in coin or any other kind of money, is not sufficient to give this court jurisdiction.

MOTION to dismiss a writ of error to the Circuit Court of the United States for the District of Massachusetts.

The facts are stated in the opinion of the court.

*Mr. G. A. Somerby* and *Mr. L. S. Dabney*, for the defendant in error, in support of the motion.

*Mr. J. Hubley Ashton* and *Mr James Thompson, contra.*

Mr. Chief Justice Waite delivered the opinion of the court.

This was an action by Butler against Thompson, to recover damages for not accepting a quantity of iron under an alleged contract of purchase. Upon the trial, the jury rendered a verdict against Thompson of $5,066.17 "in gold;" but, before judgment, Butler remitted $66.17, and judgment was entered Nov. 13, 1876, for $5,000 "in coin." Thompson having brought the case here by writ of error, Butler moves to dismiss, because the "matter in dispute" does "not exceed the sum or value of $5,000."

As the writ of error was sued out by the defendant below, the amount in controversy was fixed by the judgment. *Gordon v. Ogden*, 3 Pet. 33; *Knapp v. Banks*, 2 How. 73; *Walker v. United States*, 4 Wall. 163; *Merrill v. Petty*, 16 id. 338. No question is presented growing out of a set-off or counter-claim, as was the case in *Ryan v. Bindley*, 1 id. 66.

Our jurisdiction cannot be invoked until the final judgment below has been rendered; and we cannot open the record to look for errors until jurisdiction has been established. The court below retains full control of a cause until final judgment has been entered; and it follows that, if for any reason a judgment is given against a defendant in a case involving the plaintiff's cause of action alone, unaffected by counter-claim or set-off, for a sum less than our jurisdictional amount, we have no power, at the instance of the defendant, to correct errors that may have been committed in settling the amount. We can only look at a verdict through the record; and, if the record is closed to us, so necessarily must be the verdict. In this case, therefore, we are precluded from inquiry into the propriety of allowing the verdict to be reduced before judgment was entered upon it. Necessarily, verdicts are, to some extent, subject to the control of the court. It is not unusual for a court to announce that a new trial will be granted unless a part of a verdict shall be remitted, and to enter judgment upon the reduced amount if the suggestion is followed. All such matters may properly be left to the sound judicial discretion of the court in which the trial is had; and errors committed under this power can only be corrected by an appellate court in the same manner that

other errors are. Undoubtedly, the trial court may refuse to permit a verdict to be reduced by a plaintiff upon his own motion ; and, if the object of the reduction is to deprive an appellate court of jurisdiction in a meritorious case, it is to be presumed the trial court will not allow it to be done. If, however, the reduction is permitted, the errors in the record will be shut out from our re-examination in cases where our jurisdiction depends upon the amount in controversy. In *Sampson* v. *Welch*, 24 How. 207, we refused to take jurisdiction upon an appeal in admiralty, where a decree had been rendered against a respondent for more than $2,000, with leave to him, if he chose, to set off an amount due him for freight, and he afterwards, by the set-off, reduced the decree below our jurisdictional amount, notwithstanding, in signifying his election to make the set-off, he expressly stated in a writing, which appeared in the record, that he did not thereby waive his right of appeal.

If the *remittitur* had not been entered until after the judgment, the case would have been different ; and, if the reduction was made without the assent of the defendant, more like *Kanouse* v. *Martin*, 15 id. 198, where a declaration was amended in a State court so as to reduce the damages claimed below the jurisdictional amount, after the necessary steps had been taken for the transfer of the cause to the Circuit Court, and in which we held that the jurisdiction of the Circuit Court could not be defeated in that way.

We have no jurisdiction if the sum or value of the matter in dispute does not exceed $5,000. One owing a debt may pay it in gold coin or legal-tender notes of the United States, as he chooses, unless there is something to the contrary in the obligation out of which the debt arises. A coin dollar is worth no more for the purposes of tender in payment of an ordinary debt than a note dollar. The law has not made the note a standard of value any more than coin. It is true that in the market, as an article of merchandise, one is of greater value than the other ; but as money, that is to say, as a medium of exchange, the law knows no difference between them. We are aware that in *Bronson* v. *Rodes*, 7 Wall. 229, it was said that a contract to pay in gold or silver coins "is, in legal import, nothing else than an agreement to deliver a certain weight of standard

gold, to be ascertained by a count of coins," and that "it is not distinguishable, . . . in principle, from a contract to deliver an equal weight of bullion of equal fineness;" but, notwithstanding this, it is a contract to pay money, and none the less so because it designates for payment one of the two kinds of money which the law has made a legal tender in discharge of money obligations.

This judgment is for coined money, which at the time it was rendered and now is worth more in the market as merchandise than paper money; but our jurisdiction is to be determined by the amount of money to be paid and not the kind. If, instead of paper dollars and gold dollars legalized as money, the law had provided for silver dollars and gold dollars, and this judgment had been for payment in gold, we think it would hardly be contended that this court could take jurisdiction, because when the judgment was rendered gold happened to be worth more in the market as merchandise than silver; but, in principle, that case would not be different from this. Notwithstanding, therefore, the judgment is for coined money, we are satisfied that we have no jurisdiction.

*Writ of error dismissed.*