# ALABAMA GOLD LIFE INSURANCE COMPANY
## *v.* NICHOLS.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TEXAS.

Submitted October 29th, 1883.—Decided November 12th, 1883.

*Appeal—Judgment—Jurisdiction—Texas.*

It is within the discretion of a circuit court of the United States, sitting in the State of Texas, if a plaintiff appears in open court and remits a part of the

verdict in his favor, to make the proper reduction and enter judgment accordingly.

If by such remission the judgment be reduced to $5,000 or less, errors in the record will be shut out from re-examination, in cases where the jurisdiction of this court depends upon a larger amount being involved in the controversy.

Motion to dismiss for want of jurisdiction.

*Mr. W. W. Boyce* for the defendants.
*Mr. P. Phillips* and *Mr. W. Hallett Phillips contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

In this case a verdict was rendered against the plaintiff in error for $6,610, and a judgment entered thereon December 9th, 1879. In the verdict was included, for damages $600, attorney's fees $500, and interest $510, in all $1,610. The next day, December 10th, 1879, the defendants in error appeared in open court and "entered a remittitur" of these amounts, "leaving the amount of said judgment to be for the amount of five thousand dollars and costs of suit." Upon this being done a new judgment was entered "that the plaintiffs have and recover from said defendant the sum of five thousand dollars, and also costs about this suit incurred as of the date of said judgment, and have execution therefor instead of the sum of six thousand and six hundred and ten dollars, and also all costs about this suit incurred as in said judgment is recited." This writ of error was brought on the 8th of January, 1880, to reverse the judgment so entered. The defendant in error now moves to dismiss the writ because the value of the matter in dispute does not exceed $5,000.

The judgment as it stands is for $5,000 and no more. The entry of the 10th of December is equivalent to setting aside the judgment of the 9th and entering a new one for the amount remaining due after deducting from the verdict the sum remitted in open court. There was nothing to prevent this being done during the term and before error brought. The judgment of the 10th is, therefore, the final judgment in the action.

In *Thompson* v. *Butler*, 95 U. S. 694–696, it was said:

" Undoubtedly the trial court may refuse to permit a verdict to be reduced by a plaintiff upon his own motion ; and if the object of the reduction is to deprive an appellate court of its jurisdiction in a meritorious case, it is to be presumed the trial court will not allow it to be done. If, however, the reduction is · permitted, the errors in the record will be shut out from our re-examination in cases where our jurisdiction depends on the amount in controversy."

Articles 1351 and 1352 of the Revised Statutes of Texas are as follows :

" ARTICLE 1351. Any party in whose favor a verdict has been rendered may in open court remit any part of such verdict, and such remitter shall be noted on the docket and entered in the , minutes, and execution shall thereafter issue for the balance only of such judgment, after deducting the amount remitted.

" ARTICLE 1352. Any person in whose favor a judgment has been rendered may in open court remit any part of such judgment, and such remitter shall be noted on the docket and entered in the minutes, and execution shall thereafter issue for the balance only of such judgment, after deducting the amount remitted." Revised Statutes of Texas, 1879, pp. 211, 212.

Without deciding what effect these statutes will have on our jurisdiction in cases coming up from that State, if the amount is remitted after judgment, without any action thereon by the court other than noting on the docket and entering on the minutes what has been done, we are of opinion that it is within the discretion of a court of the United States sitting in that State, if a plaintiff appears in open court and remits a part of a verdict in his favor, to make the proper reduction and enter judgment accordingly. That was the effect of what was done in this case, and the rule established in *Thompson* v. *Butler*, *supra*, applies.

The motion to dismiss is therefore granted.

*Dismissed.*