JACOB AUSTIN *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

February 3, 1886.

**Amendment of Complaint so as to lay Damages at more than $500 —Removal to U. S. Court.**—Upon the trial of an action against a corporation organized and existing under the laws of the United States, the trial court may, in its sound discretion, allow an amendment to the complaint, increasing the claim for damages from a sum less to an amount greater than $500, as in other classes of cases brought in the state courts; and where there is nothing to indicate that the proceeding was a device or artifice to prevent a removal of the cause to the United States court, the allowance of such an amendment will not be held an abuse of discretion solely because the original claim was made for a less sum, and thereafter increased to an amount within the jurisdiction of the United States circuit court.

Appeal by defendant from an order of the district court for Otter Tail county, *Collins*, J., presiding, refusing a new trial, after a verdict of $750 for plaintiff. The action was brought to recover damages for the killing of plaintiff's trees by fire caused by defendant's negligence.

*W. P. Clough* and *M. R. Tyler*, for appellant.

*J. W. Mason*, for respondent.

VANDERBURGH, J. Upon the trial, after the introduction of evidence on the part of the plaintiff, the court, on his application, allowed an amendment of the complaint, increasing the claim for damages to $1,000 instead of $475. The defendant, a corporation organized and existing under the laws of the United States, objected, on the ground that the allowance of the amendment was an abuse of discretion, because it compelled it to submit to a trial in the state court, in a case where the amount involved exceeded the sum of $500, without any opportunity to remove the same to the circuit court of the United States.

In respect to the propriety of allowing amendments, the court can make no distinction between cases exclusively triable in the state court, and those claimed to be removable to the United States courts.

If the case is one in which an amendment might properly be made in the former class of cases, then it may be made in the latter, because the action of the court is authorized by law, and, while a case remains in the state court and under its jurisdiction, no party can legally complain of proceedings which are in conformity with the laws of the state. There being no complaint that the case was not in itself a proper one for the exercise of the discretion of the court in the allowance of the amendment, under the practice in this state, we think the objection was properly overruled.

The removal acts have not provided for a stay and application for removal in cases like this. The defendant has not, therefore, been deprived of any legal right. *Thompson* v. *Butler*, 95 U. S. 694; *Maine* v. *Gilman*, 11 Fed. Rep. 214. The courts, however, are careful, where the right of removal in fact exists, to prevent its being defeated by device or artifice. *Arapahoe Co.* v. *Kansas Pacific Ry. Co.*, 4 Dill. 277, 283. But there is nothing upon the record in this case to show that plaintiff's course was a device to prevent a removal. According to the practice as understood and actually prevailing in the United States courts of this circuit, when this action was tried, the defendant would not have been entitled to a removal if the complaint had been amended before the case came to trial. *Meyers* v. *Union Pac. Ry. Co.*, 16 Fed. Rep. 292. But the supreme court of the United States subsequently held, by a divided court, that corporations, like the defendant, created and organized under the laws of the United States, were entitled to remove suits against them to the United States courts. *Pacific Railroad Removal Cases*, 115 U. S. 1.

Under the circumstances, therefore, we are not warranted in concluding that the allowance of the amendment was an abuse of discretion. If the facts were such as to warrant the inference that the plaintiff purposely brought the action for a smaller amount in order to prevent a removal, and afterwards secured the amendment, a different question would be presented.

Order affirmed.