## ROBOSTELLI *v.* NEW YORK, N. H. & H. R. Co.

*(Circuit Court, S. D. New York.　April 17, 1888.)*

DEATH BY WRONGFUL ACT—DAMAGES—INTEREST—PLEADING.

Where the complaint demands judgment "in the sum of $5,000, with the costs of this action," and a verdict is returned for plaintiff for $5,000 damages, the plaintiff may waive the interest from the date of decedent's death, under Code Civil Proc. N. Y § 1904, providing that "when final judgment for the plaintiff is rendered the clerk must add to the sum so awarded interest thereon from the decedent's death, and include it in the judgment."

At Law.　On motion for judgment.
*Chas. II. Noxon*, for plaintiff.
*Robert D. Benedict*, for defendant.

WHEELER, J.　This action is brought upon section 1902 of the New York Code of Civil Procedure for an alleged wrongful act which caused the death of the plaintiff's intestate.　The section provides that such administrator "may maintain an action to recover damages for" such wrongful act.　In her declaration or complaint the plaintiff set out her cause of action upon that statute, and concluded: "Wherefore plaintiff demands judgment against the defendant in the sum of five thousand dollars, with the costs of this action."　The answer was in substance a denial of the complaint.　Upon trial on these pleadings the jury returned a verdict for the plaintiff to recover $5,000 damages.　Section 1904 of the same Code provides that "the damages awarded to the plaintiff may be such a sum not exceeding five thousand dollars as the jury" "deems to be a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought;" and that, "when final judgment for the plaintiff is rendered, the clerk must add to the sum so awarded interest thereon from the decedent's death, and include it in the judgment."　The plaintiff has filed a waiver or *remittitur* of this interest and costs, and moves for judgment on the verdict for $5,000 damages only.　This motion is resisted by the defendant upon the ground that the matter in dispute would not then, "exceed the sum or value of five thousand dollars, exclusive of costs," and the judgment would not be reviewable by the supreme court.　Act Feb. 16, 1875, (18 St. 315;) *Railroad* v. *Bank*, 118 U. S. 608, 7 Sup. Ct. Rep. 23.　The laws which confer jurisdiction upon the supreme court to review the judgments of this and other courts, and those that leave the judgments final, are equally binding.　The limits are set in each case by the same authority, and the rights of parties to insist upon the one or the other are equally sacred.　This case should be determined in this court in such manner as to award to the parties their just rights, respectively, according to law, as near as may be, and, when this is done, if the right to have the judgment reviewed is left by the law to either, it should not by any act of the court be taken away; and if by the law it is left final, nothing should be done by the court to

disturb it. The action is eminently one for the recovery of open and uncertain damages; they can only be ascertained by estimate. In such actions, plaintiffs have from the earliest times always been limited in their right of recovery to the sum demanded. Brooke, Abr. 31; *Pilford's Case*, 10 Coke, 117*a;* Bac. Abr. 2; 1 Chit. Pl. 398; *Bonner* v. *Charlton*, 5 East, 139; *Burger* v. *Kortright*, 4 Johns. 415; *Hemmenway* v. *Hickes*, 4 Pick. 497; 2 Sedg. Dam. 578. When a verdict in such a case was rendered for an amount of damages greater than the *ad damnum*, the plaintiff was not entitled to a judgment on the verdict without remitting the excess. If judgment was entered on the verdict without a *remittitur* of the excess the judgment was erroneous, and reversible. This is shown by the books and cases cited and many others. Some cases hold that the excess cannot be remitted, and the error corrected, after writ of error brought; and others that the judgment can be saved from reversal in that manner. *Pickwood* v. *Wright*, 1 H. Bl. 642; *Fury* v. *Stone*, 2 Dall. 184; *Hutchinson* v. *Crossen*, 10 Mass. 251; 1 Sel. Pr. 481. All agree, however, that the excess must be remitted before judgment on the verdict will be regular. This limitation of the right of a plaintiff to judgment for no more damages than are demanded in the declaration or complaint in actions for the recovery of unliquidated damages, does not appear to be varied by this Code of Procedure, unless it is as to the effect of a judgment on an excessive verdict without objection. *Corning* v. *Corning*, 6 N. Y. 97; *Schultz* v. *Railroad Co.*, 89 N. Y. 242. Here the question is made before judgment; and what the effect would have been if the judgment had been entered up without question is not material. The question is as to what judgment is proper now, as the case stands. As the plaintiff has declared or demanded judgment for only $5,000 damages, a judgment for more than that amount would be manifestly improper. The intent of the statute on which the action is founded appears to be to give damages to an amount not exceeding $5,000 at the time of the death, and interest after whatever the delay of the recovery may be, so that the judgment entered up may be for more than $5,000. But when the interest is added, it is made by the express words of the statute a part of the judgment, as much so as if the jury were allowed to add it as a part of the sum awarded by the verdict. The *ad damnum* must therefore be made large enough to cover this increase, if the plaintiff wishes to have judgment for it. In this case the plaintiff has waived the interest, and the statute says that the clerk shall add it. This is a matter of procedure in a common-law action, and the statute of the state is made a rule of procedure in this court. Rev. St. U. S. § 914. The defendant argues that this statute is imperative, and that the clerk must add the interest. It is given by the statute for her benefit, and it would seem that she might waive it, and not be compellable to receive it if she should so prefer. In the case, *In re Cooper*, 93 N. Y. 512, the court said that it was "very well settled that a party may waive a statutory, and even a constitutional, provision for his benefit." But if the plaintiff must have the interest on the verdict, that should be reduced so that with the interest it will not exceed the *ad damnum*. There would be no

difference between remitting the interest and remitting such part of the verdict as would leave enough to amount, with interest, to what the verdict now is. Nothing would be gained by requiring the *remittitur* already entered to be changed. Upon these considerations a judgment on the verdict for $5,000 damages only appears to be the proper and only proper verdict to be entered. This conclusion makes consideration of whether the plaintiff should be allowed to take judgment on the verdict and *remittitur*, as a matter of discretion, unnecessary. That the court has that power is unquestioned. *Thompson* v. *Butler*, 95 U. S. 694; *Insurance Co.* v. *Nichols*, 109 U. S. 232, 3 Sup. Ct. Rep. 120; *Bank* v. *Redick*, 110 U. S. 224, 3 Sup. Ct. Rep. 640; *Rogers* v. *Bowerman*, 21 Fed. Rep. 284. There is, however, one consideration which would favor granting that leave. This statute respecting interest was not called to the attention of the court or jury upon the trial, and the case was submitted to the jury as if the amount of the verdict would be all that could be recovered. They might not have found the damages at the time of the death to be $5,000, or any more than enough to amount to that sum now. The *remittitur* may have left as large a verdict as the jury would have given. In *Darrel's Case*, Year Book 13 Hen. VII. fol. 16, 17, in a writ of trespass, the plaintiff laid his damages at 20 marks. On not guilty being pleaded the jury found the damages and costs of suit jointly to be 22 marks, thereupon, BRIAN, J., said: "*Semble que le verdit est bon pur 20 markes & pur le remnant voide.*" The *ad damnum* need not be large enough to cover both damages and costs, but in that case the court could not tell how much of the 22 marks was for damages, nor how much was for costs; therefore the judgment was for but 20 marks. *Pilfold's Case*, 10 Coke, 117*b*. Here the statute gives the interest as a part of the damages, but the jury may have considered the same interest as a part of the damages found by the verdict. Motion granted, and let judgment be entered on the verdict and *remittitur* for $5,000 damages, only.