# DISTRICT OF COLUMBIA. *v.* GANNON.

ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 182. Argued March 5, 6, 1889. — Decided April 1, 1889.

The amount necessary to give this court jurisdiction to re-examine a judgment or decree against a defendant in the court below (whether rendered in the trial court or in the appellate court) is to be determined by the amount of the judgment in the trial court without adding interest, unless interest is part of the claim litigated, or forms part of the judgment in the trial court and runs from a period antecedent to that judgment.

At the trial of an action against the District of Columbia to recover for personal injuries received by reason of a defect in the streets of Washington, the refusal to charge that the District cannot be held responsible for the negligence of a government which is imposed upon it by Congress; or that no such action can be maintained against it because it derives no profit from the duty of maintaining the streets, does not draw in question the validity of the statutes of the United States creating the government of the District, so as to give this court appellate jurisdiction of the cause, independently of the amount of the judgment in the trial court.

MOTION TO DISMISS for want of jurisdiction. The case is stated in the opinion of the court.

*Mr. S. S. Henkle* (with whom was *Mr. John F. Ennis* on the brief) for the motion.

*Mr. A. G. Riddle* and *Mr. H. E. Davis* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The defendant in error recovered judgment in the Supreme Court of the District of Columbia, against the District, for five thousand dollars, in an action on the case for personal injuries, on the 17th day of January, 1885, which judgment was affirmed in general term on the 28th of May succeeding, and the cause brought here on writ of error.

Under the act of Congress of March 3, 1885, (23 Stat. 443,) no appeal or writ of error can be allowed from any judgment or decree in any suit at law or in equity in the Supreme Court

of the District of Columbia, unless the matter in dispute exclusive of costs shall exceed the sum of five thousand dollars, or unless the validity of a patent or copyright is involved in the suit, or the validity of a treaty or statute of, or an authority exercised under, the United States, is drawn in question therein.

The judgment in the case at bar, as rendered at special term, was for five thousand dollars and costs, and this was affirmed with costs, but not with interest; the general term thereby simply declaring that it was satisfied to let the former judgment stand. In all particulars material to the inquiry as to the value of the matter in dispute, the record is the same as in *Railroad Company* v. *Trook*, 100 U. S. 112, where this court, speaking by Mr. Chief Justice Waite, said: "In cases brought here on writ of error for the re-examination of judgments of affirmance in the Supreme Court of the District of Columbia, the value of the matter in dispute is determined by the judgment affirmed, without adding interest or costs."

The general rule has been repeatedly so laid down. *Western Union Telegraph Company* v. *Rogers*, 93 U. S. 565; *Walker* v. *United States*, 4 Wall. 163, 165; *Knapp* v. *Banks*, 2 How. 73; *New York Elevated Railroad* v. *Fifth National Bank*, 118 U. S. 608.

Where interest, instead of accompanying the judgment or decree as damages for the detention of a specific amount adjudged or decreed, is part of the claim litigated, and the judgment or decree is so framed as to provide for it to run from a period antecedent to the rendition of such judgment or decree, or, in actions *ex contractu*, according to the terms of the contract upon which the action is based, jurisdiction may attach. *Zeckendorf* v. *Johnson*, 123 U. S. 617; *The Patapsco*, 12 Wall. 451; *The Rio Grande*, 19 Wall. 178.

This result would have followed here, if, by the judgment of affirmance, interest had been directed to be added to the judgment at special term. As it is, however, the judgment falls below the amount necessary to give us jurisdiction.

Upon the trial, the following, among other instructions, were asked for the defendant and refused:

" The present government of the District of Columbia having been imposed ,by the people of the District without any power or opportunity on the part of said people to accept or reject the same, the District cannot be held responsible for the negligence of said government."

" The District of Columbia, under the form of government existing at the time of the accident which is the subject matter of this suit, is not liable for damages resulting from said accident."

"If the care of the streets of the city of Washington, as a public duty, is imposed by the statutes upon the District of Columbia, the performance of which is for the general benefit, and the District derives no profit from it, then no action can be maintained against the District for damages resulting from a neglect to perform such public duty."

" The present form of government of the District of Columbia, consisting, as it does, of officers who are all appointed and paid by the United States, without any power to levy taxes or expend money except as directed by Congress, is not of such a character as to make the District responsible in damages for any negligence of those officers."

It is contended on behalf of the plaintiff in error that the validity of the authority conferred upon the District Commissioners by Congress is drawn in question in this suit.

We do not agree with counsel in this view. The instructions above quoted involved the acts of Congress creating the District government only as bearing upon the question of the liability of the District for negligence in failing to keep the streets in repair, and by way of construction, and the validity of the acts themselves, or of the authority exercised under that, was not denied. The case of *Baltimore and Potomac Railroad Company* v. *Hopkins, ante,* 210, is decisive that jurisdiction cannot be maintained on this ground under such circumstances. The writ of error will therefore be

*Dismissed.*