MATILDA OPENSHAW, RESPONDENT, *v.* UTAH & NEVADA RAILWAY COMPANY, APPELLANT.

SUPREME COURT OF UNITED STATES.—APPELLATE JURISDICTION.—In a cause where plaintiff recovered judgment for the sum of $5,000 in the court below, which was affirmed upon appeal to the Supreme Court of Utah Territory, and where the statute provides that the judgment shall draw interest at the rate of ten per cent. from the date of entry, *held*, that the Supreme Court of the United States had no appellate jurisdiction.

SUPREME COURT OF UTAH TERRITORY.—JURISDICTION.—WRIT OF ERROR.—In the case above, where the appellant had sued out a writ of error and filed a *supersedeas* bond, and had taken all the steps necessary to remove the cause to the Supreme Court of the United States, *held*, that the Supreme Court of Utah Territory had not lost jurisdiction to remit its judgment to the lower court

MOTION to remit judgment to the lower court.

ANDERSON, J.:

Plaintiffs recovered a judgment in the district court against the defendant for $5,000 and costs, as damages for negligently causing the death of the husband of the plaintiff, Matilda Openshaw. The defendant appealed to this court, and at the January term, 1889,[1] thereof, the judg-

---

[1] The opinion in this case, if delivered, cannot be found, and was never recorded. See ante p. 132.

ment of the district court was affirmed. Thereupon appellant moved this court to fix the amount of a *supersedeas* bond, and also a bond for costs on appeal to the Supreme Court of the United States; whereupon respondents offered to remit all of said judgment in excess of $5,000. The offer of respondent to remit was denied, and the amount of the *supersedeas* bond fixed at $10,000, and the bond for cost on appeal at $500. March 11, 1889, appellant filed a *supersedeas* bond and for costs, which was duly approved, and on said day duly sued out a writ of error, and took all the necessary steps to remove this cause to the Supreme Court of the United States. The respondents now move this court to remit its judgment in said case to the district court from which the appeal was taken, in order that the same may be carried into effect, for the reason that a writ of error was not allowable from said judgment, because it did not exceed the sum of $5,000, and that therefore the Supreme Court of the United States could not take jurisdiction thereof, and that said writ of error and all the proceedings to remove the cause to that court are void, and should be dismissed and set aside. It is insisted by respondents that this case is identical in all material points with the case of *District of Columbia* v. *Gannon*, 130 U. S., 227, 9 Sup. Ct. Rep., 508, wherein it was held that a judgment for $5,000 damages and costs, which had been appealed from the Supreme Court of the District of Columbia to the general term, and there affirmed with costs, but not with interest, was not reviewable in the Supreme Court of the United States on writ of error, because not involving more than $5,000. On behalf of appellant it is contended that, as the statutes of Utah allow interest at the rate of ten per cent. per annum on judgments where no rate of interest is specified, (sections 2119, 3638, Comp. Laws, 1888), said judgment, when affirmed in this court, exceeded in amount the sum of $5,000 to the extent of the accumulated interest, and therefore this case does not come within the rule laid down in the case of *District of Columbia* v. *Gannon, supra.* We are of the opinion that the case comes within the rule laid down in the case cited; that this court has not lost its

jurisdiction by reason of the issuance of said writ of error; that the respondent is entitled to have the judgment remitted to the district court; and the motion is accordingly sustained.

ZANE, C. J., and JUDD, J., concurred.