NUSSBAUM *et al. v.* NORTHERN INS. Co. *et al.*

*(Circuit Court, S. D. Georgia, W. D.　November 5, 1889.)*

FEDERAL COURTS—FOLLOWING STATE PRACTICE.

The federal court will allow plaintiff, before verdict, in an action removed from a state court in Georgia, to discontinue his suit as to part of the amount sued on, which he could do before removal under Code Ga. § 3479, authorizing amendments at any stage of the cause as matter of right.

At Law.　Suit on insurance policies, and motion to discontinue as to part of the sum sued for.

*Hill & Harris* and *Bacon & Rutherford*, for plaintiffs.

*R. F. Lyon* and *D. P. Guerry*, for defendants.

SPEER, J.　In this cause several cases have been tried under a consent order directing that they be tried together, but that each case shall preserve its integrity as such, and that the parties shall have the privilege of insisting upon any and all legal rights which might have obtained had the cases been tried separately.　Before verdicts were taken on each declaration, also provided for by the order, the plaintiff offered in open court formally to discontinue his suit upon one of the policies to the amount of some $700.　This motion was resisted upon the ground that it would deprive the defendants of their right to have the case reviewed by the supreme court of the United States.　These causes were all removed from the state court; and it would seem clear that under the practice act the rule in the state courts must control the decision of the question.　The Code of Georgia (section 3479) provides:

"All parties, whether plaintiffs or defendants, in the superior or other courts, (except the supreme court,) whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by."

It appears, therefore, that the court has no discretion in the premises.　The plaintiff may, at any time before verdict is taken, dismiss or discontinue his case, in whole or in part, and the court has no control of the matter.　After verdict it is otherwise.　It is then a matter in the legal discretion of the court.　*Opelika City* v. *Daniel*, 109 U. S. 108, 3 Sup. Ct. Rep. 70; *Thompson* v. *Butler*, 95 U. S. 694.　In the case of *Insurance Co.* v. *Nichols*, 109 U. S. 232, 3 Sup. Ct. Rep. 120, this question depended on a statute of the state of Texas which authorized the plaintiff to remit a part of the verdict or judgment.　The supreme court sustained the exercise of discretion of the circuit court, whereby the plaintiff was permitted, on motion in open court, to remit a part of the verdict and judgment rendered in his favor.　In the *Telegraph Cable Case*, 128 U. S. 394, 9 Sup. Ct. Rep. 112, the same question was involved, and was decided the same way.　In the case of *Bank* v. *Redick*, 110 U. S. 224, 3 Sup. Ct. Rep. 640, the circuit court, after verdict, permitted the plaintiff to remit all of the verdict in excess of $5,000;

and the supreme court, Chief Justice WAITE delivering the opinion, affirmed the judgment of the circuit court, and dismissed the writ of error. In all these cases there could have been no other motive save that of avoiding the writ of error, and the delay and expense of the years of pendency of the litigation upon the overcrowded dockets of the supreme court of the United States, which has thus sanctioned the practice. Of. course, the presumption is that these cases of the several plaintiffs were meritorious, and that the discretion of the court was not abused. In this state, however, before the verdict, where there is no set-off or cross-claim it is a matter entirely in the control of the plaintiff. If he chooses to surrender a portion of his demand, by a formal amendment, to obtain a legal advantage, it is competent for him to do so. It would seem, therefore, that the plaintiff is under no legal or moral obligation to further the efforts of his adversary, which might result in the hindrance and delay of payment, and of the settlement of the litigation. If, however, it were a matter simply for the discretion of the court, under all the circumstances which have surrounded the motion, which need not be further adverted to at this time, the discretion would be exercised in behalf of the motion. But the leave to make the amendment is granted, upon the application of the plaintiff, as a matter of right under the Georgia statutes.