### ROYAL INS. CO. OF LIVERPOOL, ENG., v. STODDARD et al.

(Circuit Court of Appeals, Eighth Circuit. November 11, 1912.)

No. 3,731.

1. COURTS (§ 328*)—FEDERAL COURTS—JURISDICTION—JURISDICTIONAL AMOUNT.

Under Judiciary Act March 3, 1887, c. 373, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), limiting the jurisdiction of Circuit Courts of the United States in civil actions based on diversity of citizenship to cases where the amount or value of the matter in controversy "exceeds" $2,000, exclusive of interest and costs, the court had no jurisdiction of an action on a contract of insurance for $2,000 even; and this, though plaintiffs' complaint alleged that the amount in controversy, exclusive of interest and costs, exceeded $2,-000, and defendant admitted such fact in its answer.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*

Jurisdiction of federal courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent–Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. G. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

2. APPEAL AND ERROR (§ 185*)—WANT OF JURISDICTION—DUTY TO NOTICE.

Where lack of federal jurisdiction appeared on the face of the record, it was the duty of the Circuit Court of Appeals to notice the same, and to reverse and remand, with directions to dismiss, though the question was not raised by counsel either in the trial court or on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1166–1178, 1375; Dec. Dig. § 185.*]

In Error to the Circuit Court of the United States for the District of Wyoming; John A. Riner, Judge.

Action by M. B. Stoddard and another against the Royal Insurance Company of Liverpool, England. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions to dismiss.

Timothy F. Burke, of Cheyenne, Wyo. (Charles B. Obermeyer, of Chicago, Ill., on the brief), for plaintiff in error.

. A. M. Stevenson, of Denver, Colo. (Raymond W. Beach, of Chicago, Ill., on the brief), for defendants in error.

Before SANBORN and CARLAND, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. This is an action brought by defendants in error, who will be designated as plaintiffs, against plain-

tiff in error, designated as defendant, to recover the full amount of a policy of fire insurance, issued upon a two-story frame building in the sum of $2,000. The plaintiffs alleged that there was due them from the defendant, upon said policy of insurance and the loss of the property therein described, the sum of $2,000, with interest thereon at the rate of 8 per cent. per annum from December 10, 1909, and prayed judgment for the sum of $2,000 and interest thereon, and for costs. The complaint alleged that the matter in dispute exceeded, exclusive of interest and costs, the sum or value of $2,000. This allegation was specifically admitted by defendant in its answer. Upon the issues joined a trial was had, which resulted in a verdict and judgment for the plaintiffs in the sum of $2,000 and interest thereon from December 10, 1909, and costs of suit, from which judgment defendant brings error to this court.

[1] The jurisdiction of the court below was invoked on the ground of diversity of citizenship. The Judiciary Act of 1887, as amended in 1888, expressly limits the jurisdiction of the Circuit Courts of the United States, in civil actions based upon diversity of citzenship, to cases where the amount or value of the matter in controversy, *exceeds,* exclusive of interest and costs, the sum of $2,000. The language of the act, that the value of the matter in controversy must *exceed* the sum of $2,000, exclusive of interest and costs, is plain and unambiguous, and it needs no argument or citation of authorities to show that $2,000 even does not *exceed* $2,000. However, cases directly in point are the following: Walker v. U. S., 4 Wall. 163, 18 L. Ed. 319; Lazensky v. Supreme Lodge (C. C.) 32 Fed. 417; New York I. & P. Co. v. Milburn Gin & Machine Co. (C. C.) 35 Fed. 225; Thompson v. Butler, 95 U. S. 694, 24 L. Ed. 540; Alabama Gold Life Ins. Co. v. Nichols, 109 U. S. 232, 3 Sup. Ct. 120, 27 L. Ed. 915; First Nat'l Bk. of Omaha v. Redick, 110 U. S. 224, 3 Sup. Ct. 640, 28 L. Ed. 124; District of Columbia v. Gannon, 130 U. S. 227, 9 Sup. Ct. 508, 32 L. Ed. 922.

It is very clear that the court below did not have jurisdiction of the subject-matter. The allegation in plaintiffs' complaint that the amount in controversy, exclusive of interest and costs, exceeded the sum of $2,000 in value, is not controlling as against the statement of fact that the action is based upon a contract of insurance for the payment of $2,000 even; and the admission by defendant in its answer that the amount in controversy exceeded that sum is not availing, as it is a fundamental proposition that consent of parties alone cannot give the court jurisdiction of the subject-matter.

[2] The question of jurisdiction was not raised in the court below, nor by counsel in this court, yet jurisdiction of the subject-matter is always open for consideration, and when lack of such jurisdiction affirmatively appears upon the record it is the duty of the appellate court to notice the same.

For these reasons, it follows that the judgment must be reversed, and the cause remanded to the court below, with directions to dismiss the action for want of jurisdiction.