# UNITED STATES

*v.*

## MANUEL CERECEDO ET AL.

---

San Juan, Criminal, No. 553.

BAIL AFTER VERDICT.

Criminal Law—Bail After Verdict.

1. An appearance bond is for the defendant's appearance from day to day until final adjudication, and this is exhausted upon rendition of verdict. The old bond does not apply between verdict and sentence.

Same—Bail After Verdict.

2. Bail will not ordinarily be admitted for the interval between verdict and judgment. No constitutional right is involved.

Same—Local Law.

3. *Semble*, that the requirement of the local law for an interval between verdict and sentence does not apply to Federal courts. Defendants can, under any circumstances, waive such right, if it exist; and in the case at bar they did so, of record.

Opinion filed March 25, 1914.

---

*Mr. W. N. Landers,* United States attorney, for the government.

United States v. Cerecedo.

*Mr. Martin Travieso, Jr.,* for defendants.

HAMILTON, Judge, delivered the following opinion:

This being a Federal crime, it is not clear that the local law requiring two days' interval after verdict before sentencing would apply in this case. I have, as a matter of comity, without deciding the point, waited the two days in other cases, but here the point seems to come up for immediate decision, one way or the other. Code Crim. Procedure, P. R. § 309.

1. As to allowing bail between verdict and sentence, certainly the old bond would not apply. In the first place, a bond for appearance, when there is a chance for acquittal, might be quite insufficient to hold a defendant after a verdict of conviction has dashed every hope and chance. Moreover, the appearance bond provides for a defendant's appearance from day to day until final adjudication, and the verdict of conviction is not something incidental to the trial from day to day, but a final adjudication on the facts. The sentence results as a matter of law.

2. I shall have to follow the decision of District Judge Benedict in the eastern district of New York. He held that bail would not be admitted for the interval between verdict and judgment. It seems in that case the prisoner's counsel wanted time to move for a new trial or arrest of judgment, and agreed that the passing of sentence should be put off, and the marshal took charge of the prisoner. Then the prisoner's counsel wanted bail fixed for the interval, and the District Court held that it could not be done. United States v. Devlin, Fed. Cas. No. 14,955. There is no constitutional right to bail between

verdict and sentence. 5 Cyc. 72. I do not question that this is good law. It would tend also to show that Federal courts have their own procedure as to judgments in criminal cases, and as to what shall be done pending those judgments. If that is so, this local law as to two days before judgment would not apply.

3. It would be very singular if the national government has its own definition and kind of crimes, and yet when it reaches a conviction must follow some local procedure. It is different from a common-law case, because this is a statutory offense against the United States. The conformity statute, as it is called (Rev. Stat. § 914, U. S. Comp. Stat. 1901, p. 684), says that the local procedure shall be followed "as near as may be" by the United States courts in civil cases. Mexican C. R. Co. v. Pinkney, 149 U. S. 207, 37 L. ed. 704, 13 Sup. Ct. Rep. 859. The time fixed by local statute for signing such a civil judgment applies to the Federal courts. Yzuaga del Valle v. Harrison, 93 U. S. 234, 23 L. ed. 893. But it would seem that matters connected with the judgment can be waived by the party interested. Robostelli v. New York, 34 Fed. 719, 7 Am. Neg. Cas. 591. There is no such conformity provision as to criminal cases, and the reason of the rule, as well as the statute, fails.

I do not think it is necessary, however, to decide whether the court must wait before judgment or not. I understand the defendants to say that they are willing to waive any claim, and I simply suggest that, if they do waive it upon the record, I will proceed with the matter of sentence. If they do not waive it, I think I should wait the two days, to be on the safe side.

United States v. Cercedo.

Mr. Travieso: I am ready to enter a waiver of the time to pass judgment.

The District Attorney: In case that is done, I request that each defendant personally enter that waiver on the record.

The defendants are called forward.

The Court: Defendants, the court has called you before it on the suggestion of your counsel that you wish to waive any right, if any you have, to have judgment deferred two days, or to have judgment deferred any length of time. Now the court does not wish to ask you whether you waive this or not, but if you care to say voluntarily, one by one, what your wishes are, it will be made a matter of record. In other words, this is a voluntary procedure of yours; it is not material to the court whether you take any action at all.

Each of the defendants thereupon announced that he waived any rights that he might have in that regard.

The Court: This will be entered of record as part of the case. I do not wish to be understood as passing on the question whether the local statute does or does not apply. It is waived, and, being waived, I will proceed to pronounce sentence. The 6th Amendment of the Constitution provides that prisoners have a right to a speedy trial, and trial embraces everything up to judgment. They not only have this right, but now in open court ask the court to pronounce sentence without waiting. I shall now proceed to do so.

(The sentence of the court was then pronounced upon each of the defendants separately.)