## EL PASO & SOUTHWESTERN CO. et al. v. RIDDLE (two cases).

(Circuit Court of Appeals, Fifth Circuit. November 23, 1923.)

### Nos. 4114, 4217.

I. Courts ⊛⊸351½—Right of plaintiff to dismiss law action in federal court determined by state practice.

Under the conformity statute (Rev. St. § 914 [Comp. St. § 1537]), the right of a plaintiff to dismiss an action at law, after its removal to a federal court, is determined by the state practice.

⊛⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

**2. Dismissal and nonsuit ⊚⟹5—Under Texas statute, plaintiff may dismiss at any time before final submission.**

Under Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 1955, where defendant has asked for no affirmative relief, a plaintiff may of right dismiss his action at any time before final submission.

**3. Removal of causes ⊚⟹109—After dismissal of removed cause, plaintiff may sue in state court for less than jurisdictional amount.**

Where a plaintiff rightfully dismisses his action after its removal into a federal court, the case is at large, and he is at liberty to maintain another action in a state court, and to lay his damages at a sum less than is necessary to confer jurisdiction on the federal court.

In Error to and Appeal from the District Court of the United States for the Western District of Texas; William R. Smith, Judge.

Action at law by James M. Riddle against the El Paso & Southwestern Company and others. From a judgment of dismissal, defendants bring error. Affirmed.

Suit in equity by the El Paso & Southwestern Company and others against James M. Riddle. Decree for defendant, and complainants appeal. Affirmed.

For opinion below, see 287 Fed. 173.

Del W. Harrington, of El Paso, Tex. (W. A. Hawkins, of El Paso, Tex., on the brief), for plaintiffs in error and appellants.

Ed. M. Whitaker and W. M. Peticolas, both of El Paso, Tex., for defendant in error and appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. These two cases may be disposed of in one opinion. September 10, 1921, James M. Riddle filed suit at common law, No. 4217 here, in the Forty-First district court of the state of Texas, against the El Paso & Southwestern Company, the El Paso & Southwestern Railroad Company, the El Paso & Northeastern Railroad Company, and the El Paso & Southwestern Railroad Company of Texas, to recover damages, in the sum of $6,150, arising out of a shipment of cattle. November 26 the railway companies procured the removal of said cause to the federal District Court for the Western District of Texas, and December 24 filed their answer, which asks for no affirmative relief, but is only a general denial.

After the removal of the foregoing case, and on December 16, 1922, Riddle filed another common-law suit in the Sixty-Fifth district court of the state of Texas upon the same cause of action, but alleged his damages at $2,999. January 25, 1923, the railway companies filed their bill in equity, No. 4114, praying that Riddle be enjoined from prosecuting the second suit, which he had brought in the Sixty-Fifth district of the state court. Riddle was cited to show cause why a preliminary injunction should not be issued, as prayed by the railway companies, and on January 30 moved to dismiss his common-law suit, which had been removed to the federal District Court, and afterwards pleaded his motion to dismiss in opposition to the prayer for injunction. The District Judge granted Riddle's motion to dismiss the com-

mon-law action, No. 4217, and dismissed the bill in the equity suit, No. 4114. These rulings are assigned as error.

[1, 2] If Riddle had the right to dismiss the common-law action, then it follows as a matter of course that the equity suit should also have been dismissed. Under the conformity statute (R. S. § 914 [Comp. St. § 1537]), it was the duty of the court to follow the state practice in determining Riddle's right to dismiss his common-law action. Barrett v. Virginian Ry. Co., 250 U. S. 478, 39 Sup. Ct. 540, 63 L. Ed. 1092. The railway companies not having asked for affirmative relief in No. 4217, by statute in Texas Riddle had the right to take a nonsuit or dismiss. Vernon's Sayles' Civil Statutes of Texas 1914, art. 1955; Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427.

[3] The common-law case having been rightfully dismissed, the case was at large, and Riddle was at liberty to sue again in any court of competent jurisdiction, and to lay his damages at a sum less than that necessary to confer jurisdiction upon the federal District Court. Southern Ry. Co. v. Miller, 217 U. S. 209, 30 Sup. Ct. 450, 54 L. Ed. 732; Kline v. Burke Construction Co., 260 U. S. 226, 43 Sup. Ct. 79, 67 L. Ed. 226, 24 L. Ed. 1077. In the case last cited, it is said:

"The rule, therefore, has become generally established that, where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded. * * * Where a suit is strictly in personam, in which nothing more than a personal judgment is sought, there is no objection to a subsequent action in another jurisdiction, either before or after judgment, although the same issues are to be tried and determined, and this because it neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with law."

The decree in No. 4114, and the judgment in No. 4217, are, and each of them is affirmed.