## BRADY v. INDEMNITY INS. CO. OF NORTH AMERICA.

### No. 6323.

Circuit Court of Appeals, Sixth Circuit.

Dec. 13, 1933.

Walter S. Lapp, of Louisville, Ky., for appellant.

Robert L. Blackwell, of Louisville, Ky. (William Marshall Bullitt, Leo T. Wolford, and Bruce & Bullitt, all of Louisville, Ky., on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

The appellant filed suit in the state court in Kentucky as beneficiary of a $15,000 accident insurance policy issued by the appellee. The appellee removed the case to the federal court on the ground of diversity of citizenship. There it could avail itself of a provision of the policy requiring suit to be brought

within two years from the expiration of the time within which proofs of loss were to be made. Riddlesbarger v. Hartford Fire Insurance Co., 7 Wall. 386, 19 L. Ed. 257. The Kentucky courts hold such a clause void as against public policy. Union Central Life Ins. Co. v. Spinks, 119 Ky. 261, 83 S. W. 615, 84 S. W. 1160, 69 L. R. A. 264, 7 Ann. Cas. 913. The appellant dismissed the action in the federal court without prejudice and brought this action on the same policy in the state court, but limited her demand to $2,-999.99. The appellee again had the case removed, and the District Court denied a motion to remand. After answer was filed and a demurrer to a paragraph thereof overruled, appellant declined to plead further, and the court entered judgment for the appellee. The sole question presented on this appeal is whether a citizen of one state holding a contract of a citizen of another for a specified maximum sum in excess of $3,000 may bring an action on the contract in the state court for $3,000 and defeat removal to the federal court.

The only reported case deciding the precise question is Woods v. Massachusetts Protective Ass'n, 34 F. (2d) 501 (District Court, Eastern District of Kentucky), where in like circumstances the case was remanded. There can be no doubt that where the claim is unliquidated, the plaintiff may prevent removal by suing for an amount not in excess of $3,-000, though the nature of the claim would justify suit for a larger amount. El Paso & Southwestern Co. v. Riddle (C. C. A.) 294 F. 892, and Iowa Central R. Co. v. Bacon, 236 U. S. 305, 35 S. Ct. 357, 59 L. Ed. 591. It has also been held that where there is a fixed jurisdictional amount for appeal, the party recovering a judgment in the lower court may defeat appeal by filing a remittitur with the consent of the court. In some of the cases where this was permitted, the remittitur was filed before judgment. Northwestern Life Ins. Co. v. Martin, 154 U. S. 640, 14 S. Ct. 1181, 24 L. Ed. 542; First National Bank of Omaha v. Redick, 110 U. S. 224, 3 S. Ct. 640, 28 L. Ed. 124; Thompson v. Butler, 95 U. S. 694, 24 L. Ed. 540. In others, it was filed after judgment. Texas & Pacific Railway Co. v. Horn, 151 U. S. 110, 14 S. Ct. 259, 38 L. Ed. 91; Pacific Postal Telegraph Cable Co. v. O'Connor, 128 U. S. 394, 9 S. Ct. 112, 32 L. Ed. 488; Alabama Gold Life Ins. Co. v. Nichols, 109 U. S. 232, 3 S. Ct. 120, 27 L. Ed. 915. In the latter cases the acceptance of the remittitur by the court was deemed equivalent to the entry of a judgment for the smaller amount. The rule of decision in these cases, while indicating a latitude of choice in a claimant, is admittedly not controlling in the present circumstances. Nor can we find an analogy in the cases where it is held that the cause may be removed on the ground of fraudulent joinder of a resident defendant. It is stated in Wecker v. Nat. Enameling & Stamping Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757, it is true, as in Arapahoe County v. Kansas Pacific Ry. Co., 4 Dill. 277, Fed. Cas. No. 502, that the courts should be vigilant to protect the rights of litigants to proceed in the federal court, but the same vigilance should also be exercised by the courts, as indicated in the cases, to permit the state courts in proper cases to retain their jurisdiction.

In fraudulent joinder cases the underlying reason for removal is that there is no factual basis upon which it can be claimed that the resident defendant is jointly liable or where there is such liability there is no purpose to prosecute the action against the resident defendant in good faith. Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144. In such cases the assertion of the cause of action against the resident defendant is treated as a sham. So far as we are advised, there is no rule of law in Kentucky which prohibits a beneficiary from suing on a policy of insurance for a lesser amount than the possible maximum indemnity. In the case at bar the petition asserted claim against the appellee for $2,-999.99. The state court had jurisdiction to adjudicate this claim. It was for an amount not within the jurisdiction of the federal court. Without considering the clause in the contract of insurance limiting the liability under the policy if the insured carried other like indemnity covering the loss, the question finally is whether a suit brought on an insurance policy in a state court of competent jurisdiction for an amount not in excess of $3,000 can be removed because the plaintiff did not sue for the possible maximum indemnity, an amount within the jurisdiction of the federal court, and thus whether the plaintiff in such action may be compelled to litigate in the federal court, not only the claim asserted in the petition, but also an indemnity not claimed. We have no doubt that, having sued for only $2,999.-99, the appellant could not after judgment make any further claim under the policy. Should she assert claim for a larger amount before judgment, the cause could then be re-

moved to the federal court. The case, therefore, is not controlled by the cases where it is held that a party may not reduce a liquidated claim by voluntarily crediting a payment thereon in order to confer jurisdiction (Moore v. Thomson, 44 N. C. 221, 59 Am. Dec. 550), but is one where there was rightful jurisdiction, whatever the amount of the claim, in the state court. It was the appellant's right to determine the amount of indemnity she would claim, not the appellee's. When she did so and sued therefor, that amount became the sum or value in controversy. That she claimed a lesser amount than she might have claimed for the purpose of preventing removal is not in our opinion important. She had the right to sue for this lesser amount. Her demand for such an amount was justiciable in the state court; it was not justiciable in the federal court. Having the right to determine the amount she would claim, the filing of a suit for such amount in the state court was not in our opinion a fraud on the jurisdiction of the federal court.

The judgment is reversed.