IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2008

Charles R. Fulbruge III
Clerk

No. 08-20133
Summary Calendar

BRENT E. CRUMMEY,

Plaintiff - Appellant,

v.

KLEIN INDEPENDENT SCHOOL DISTRICT; THOMAS PETREK;
DEBORAH H. WEHNER,

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Texas
4:07-CV-1685

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Brent E. Crummey brought this lawsuit complaining that the defendants-appellees, Klein Independent School District ("KISD") and two employees of the KISD tax office, declined to accept Crummey's fifty-dollar United States American Eagle gold coins for any more than the face value of the coins in Federal Reserve Note dollars as tender in payment for taxes Crummey owed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Crummey, proceeding pro se, sought to assert various federal and state causes of action arising from this incident, including that the appellees violated Crummey's alleged right under Article 1, Section 10 of the Constitution to pay a debt in gold coin.[2]  The district court, adopting the Memorandum, Recommendation and Order of the Magistrate Judge, dismissed sua sponte Crummey's federal claims and declined to exercise supplemental jurisdiction over Crummey's remaining state law claims, which were remanded to state court.  Crummey appeals.

The core of Crummey's appeal rests on Crummey's argument that the legal monetary value of fifty dollars in United States American Eagle gold coin is different than (and worth more than) the legal monetary value of fifty dollars in Federal Reserve Notes, or as it is sometimes affectionately called, cash. Regardless of any currency confusion that may have arisen in bygone eras, our present standard is clear:  As legal tender, a dollar is a dollar.

Crummey suggests that the United States has a parallel or dual monetary valuation system for the dollar.  Crummey relies for support on a statute authorizing the Secretary of the Treasury to mint certain coins and to sell them to the public at a price based on the market value of the bullion plus production costs.  See 31 U.S.C. § 5112(f)(1).  According to Crummey, the fact that the United States Mint sells coins into circulation at an amount that is often different than the face value of the coins, supports his theory for the existence of some form of dollar-for-dollar exchange rate between the "coin" dollar and the "FRN" dollar.

Crummey's argument conflates the market value of such coins as bullion, or as a collectors' items, with the value of the coins as legal tender. Fittingly, the Supreme Court has explained:

---

[2] Article 1, Section 10 of the Constitution provides, in part:  "No State shall . . . make any Thing but gold and silver Coin a Tender in Payment of Debts."

> A coin dollar is worth no more for the purposes of tender in payment of an ordinary debt than a note dollar. The law has not made the note a standard of value any more than coin. It is true that in the market, as an article of merchandise, one is of greater value than the other; but as money, that is to say, as a medium of exchange, the law knows no difference between them.

Thompson v. Butler, 95 U.S. 694, 696 (1877). "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts." 31 U.S.C. § 5103; see also Mathes v. Commissioner of Internal Revenue, 576 F.2d 70, 71 (5th Cir. 1978) (per curiam) ("Congress has delegated the power to establish this national currency which is lawful money to the Federal Reserve System."); United States v. Wangrud, 533 F.2d 495, 495 (9th Cir. 1976) (per curiam) ("By statute it is established that federal reserve notes, on an equal basis with other coins and currencies of the United States, shall be legal tender for all debts, public and private, including taxes.").

We reject Crummey's suggestion that the "dollar" has multiple meanings or values within the United States system of currency. See 31 U.S.C. § 5101 ("United States money is expressed in dollars, dimes or tenths, cents or hundreths, and mills or thousandths. A dime is a tenth of a dollar, a cent is a hundredth of a dollar, and a mill is a thousandth of a dollar."). As legal tender, a dollar is a dollar, regardless of the physical embodiment of the currency.

The legal monetary value of Crummey's fifty dollar American Gold Eagle coin is equivalent to that of a fifty dollar Federal Reserve Note. Crummey's argument to the contrary, on which the bulk of his appeal rests, fails.

Having carefully considered all of Crummey's issues on appeal in light of the record and the applicable law, we find them to be without merit. For these reasons, the judgment of the district court is AFFIRMED.

Furthermore, appellees' motion for sanctions pursuant to Rule 38 of the Federal Rules of Appellate Procedure is DENIED. Crummey's alternative request for an evidentiary hearing on appellees' motion for sanctions is DENIED as moot.