**Mataushas VALANGA, a/k/a Mataushas Lalanga, a/k/a Mike Valanga**

v.

**METROPOLITAN LIFE INSURANCE COMPANY.**

**Civ. A. No. 40390.**

United States District Court
E. D. Pennsylvania.
Oct. 4, 1966.

James Francis Lawler, Philadelphia, Pa., for plaintiffs.

Owen B. Rhoads, R. Neal Risley, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

JOHN W. LORD, Jr., District Judge.

This is a suit by a Russian beneficiary to recover the proceeds from a life insurance policy. Defendant, Metropolitan Life Insurance Company, has not filed an answer to plaintiff's complaint, but instead has presented a motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, requests a stay of these proceedings pending the outcome of a prior state action begun by plaintiff involving the same insurance proceeds.

The insured, Andy Valanga, was the plaintiff's deceased brother. Employed by a Pennsylvania steel spring manufacturer, the insured enrolled under a group insurance program provided by his employer and underwritten by Metropolitan. The policy was issued on March 1, 1950 for the face amount of $3,500. The insured designated the plaintiff as the beneficiary, indicating to Metropolitan that plaintiff was a Russian citizen by listing a Lithuania, U.S.S.R. address. Premiums were accepted by Metropolitan without any indication that listing a Russian beneficiary was an irregularity. The insured died on August 23, 1953. On April 19, 1954 Metropolitan notified plaintiff of his right to claim the proceeds of the policy. On October 28, 1963 plaintiff presented his claim to Metropolitan through an authorized Philadelphia attorney. Metropolitan's reply to the request for payment, dated November 6, 1963, was that a company policy barred any payment to a payee in a country behind the Iron Curtain such as Lithuania.

Plaintiff brought suit by foreign attachment against Metropolitan in the Common Pleas Court of Philadelphia County, Pennsylvania, on December 17, 1965 (December Term, 1965, Common Pleas No. 5, No. 957). On May 31, 1966 he began the present action in this Court.

## DISCUSSION

Metropolitan's challenge to the subject matter jurisdiction of this Court at such an early juncture is proper, for if this Court is without proper jurisdiction, further proceedings become pointless. Berkowitz v. Philadelphia Chewing Gum Corp., 303 F.2d 585, 588 (3rd Cir. 1962). Federal district courts are of limited jurisdiction and are dependent upon statutory implementation by Congress of the federal judicial power originating in Article III of the Constitution in order to have jurisdiction. Wright, Federal Courts § 7 (1963); Wechsler, The Courts and The Constitution 7 (1965). As a consequence, the jurisdiction of this Court must always be properly demonstrated. There is no presumption of jurisdiction. Hanford v. Davies, 163 U.S. 273, 16 S.Ct. 1051, 41 L.Ed. 157 (1896); Smith v. McCullough, 270 U.S. 456, 46 S.Ct. 338, 70 L.Ed. 682 (1926); Le Mieux Bros., Inc. v. Tremont Lumber Co., 140 F.2d 387 (5th Cir. 1944); Continental Carriers, Inc. v. Goodpasture, 169 F.Supp. 602 (M.D.Ga. 1959). Conversely, overly technical dismissals because of inadvertent defects are to be avoided. Moore v. Coats Co., 270 F.2d 410 (3rd Cir. 1959). The right to amend is readily accessible. 28 U.S. C.A. § 1653 provides: "Defective allega-

tions of jurisdiction may be amended, upon terms, in the trial or appellate courts."

Plaintiff asserts jurisdiction under 28 U.S.C.A. § 1350 (hereafter referred to as "§ 1350"). This section provides:

The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States.

This particular jurisdictional grant has proven troublesome. Originating in the Judiciary Act of 1789 (1 Stat. 73), the section has been preserved except for minor changes in language. In spite of the age of § 1350, " * * * authorities applying it are scant." Khedivial Line, S.A.E. v. Seafarers' International Union, 278 F.2d 49, 52 (2nd Cir. 1960). The most current comprehensive review of authorities construing § 1350 can be found in the excellent opinion of my colleague Judge Van Dusen in Lopes v. Reederei Richard Schroder, 225 F.Supp. 292 (E.D.Pa.1963). See also, Damaskinos v. Societa Navigacion Interamericana, S. A., Pan., 255 F.Supp. 919 (S.D. N.Y.1966). The Lopes case involved a suit by an alien longshoreman against his employer for personal injuries. The plaintiff alleged unseaworthiness and negligence as the basis for recovery. Jurisdiction was based on § 1350. Judge Van Dusen granted defendant's motion to dismiss for lack of subject matter jurisdiction. Without deciding the question of what constitutes a "tort only" as that phrase is used in § 1350, Judge Van Dusen held that neither unseaworthiness nor negligence constituted a "violation of the law of nations or a treaty of the United States" within the purview of § 1350.

■ It is difficult to understand how plaintiff can persuasively contend that his obvious contract action attempting recovery of insurance proceeds should be typified a "tort only" under § 1350. While "tort" law embodies a broad spectrum of legal remedies, it is a word of legal art and it would be placing a severe strain on the framers' plain meaning to maintain that a suit to recover funds due to a beneficiary of an insurance contract should be construed for jurisdictional purposes to be a tort. However, further development of what conduct constitutes a "tort only" is unnecessary, for, quite plainly, plaintiff has failed to demonstrate any "violation of the law of nations or a treaty of the United States" which are indispensible prerequisites to proper jurisdiction under § 1350.

Prior case law treatment of § 1350 jurisdiction does provide insight into the scope and meaning of the phrase "law of nations" as used within the ambit of § 1350. In the Lopes decision, these authorities were summarized as follows:

The judicial decisions recognizing and enforcing 'the law of nations' under § 1350 do not fully explain or define that phrase. At best, the cases arising under this section show only the connotation of 'in violation of the law of nations.' This phrase has been held to include acts such as the unlawful seizure of a vessel and its disposition as a prize, the seizure of neutral property upon the ship of a belligerent, unjustified seizure of an alien's property in a foreign country by a United States officer, failure to accord comity to ships of foreign countries, and concealment of a child's true nationality coupled with the wrongful inclusion of that child on another's passport. Ibid. at 296, n. 14–18.

As the Lopes case suggests, not all the cases treating § 1350 are particularly helpful. A clear indication of what conduct will establish jurisdiction under § 1350 can be found in Abdul-Rahman Omar Adra v. Clift, 195 F.Supp. 857 (D. Md.1961). In the Adra case the plaintiff was an alien, a citizen of Lebanon. Plaintiff requested that the District Court award him custody of his daughter who was living with his divorced wife, the mother of the child and defendant to the suit. The father asserted jurisdiction under § 1350 and the court found

such proper. The court found further that the unlawful deprivation of the child from the father was tortious. The element of a "violation of the law of nations", prerequisite for § 1350 jurisdiction, was established when it had been disclosed that the defendant was taking the child from country to country on her own passport by falsifying the true nationality of the child in clear and open violation of the laws of the United States and Lebanon. Conduct, such as that found in the *Adra* case, does indicate the type of conduct considered to be within the ambit of § 1350. Such conduct transcends the violation of local norms embodied in local domestic relations and personal injury actions since it is injected with overtones which impinge upon the standards which nations have established to control their relationships with one another. International transportation of a child by passport fraud, in violation of her father's rights, contains such overtones. This conduct immediately raises issues of international import and conceivably could constitute an affront to the power and dignity of the nations involved.

■ Once the full ramifications of conduct similar to that found in the *Adra* passport case are fully understood as possibly violating the norms of *inter* nation dealings, the proper posture of § 1350 jurisdiction can readily be seen. A violation of the law of nations means a violation of those standards by which nations regulate their dealings with one another *inter se*. The international element readily differentiates the § 1350 jurisdictional grant from the general diversity of citizenship grant found in 28 U.S.C.A. § 1332. Once a tort can be considered to be in violation of the law of nations, § 1350 allows immediate access to a federal court. It thus functions as an independent grant of federal jurisdiction in situations where the conduct of the parties so offends the standards of conduct underpinning international relations that it can be considered to be a violation of the law of nations. In such a capacity and unencumbered with minimal requisite jurisdictional amounts as found in the diversity of citizenship grant of jurisdiction (28 U.S.C.A. § 1332), § 1350 serves as an extraordinary channel of federal jurisdiction.

Plaintiff in the present action has failed to give any indication of how the refusal of an insurance company to pay the proceeds due a beneficiary is conduct of such a severe nature as to enable plaintiff to be able to invoke the extraordinary basis of jurisdiction provided in § 1350. Just as longshoremen personal injury actions such as those found in the *Lopes* case do not raise the spectre of widespread international impact, actions to recover funds based upon life insurance contract obligations do not impress this Court as being of the calibre of the cases which have been allowed recourse to § 1350. Plaintiff has failed to indicate the impact of defendant's conduct as violating the "law of nations." The mere fact that an individual breaches the contractual duty owed to an alien does not mean that such conduct is so flagrant as to warrant this court to conclude, as a matter of law, that it constitutes a violation of the rules of conduct which govern the affairs of this nation, acting in its national capacity, in its relationships with any other nation.

■■ Plaintiff has called the Court's attention to a recent California case purportedly holding that the breach of a contractual duty owing a foreign national indicated a violation of the "law of nations." Estate of Larkin, Calif. Supreme Court in Bank, August 2, 1966, 52 Cal.Rptr. 441, 416 P.2d 473. Plaintiff's reliance on this case is misplaced. The case merely held that § 259.2 of the California Probate Code, providing for the escheat of gifts to aliens whose nations do not afford reciprocity to California citizens, did not apply to a legacy to a Russian citizen since reciprocity exists. Cf. In re Wanson's Estate, 419 Pa. 109, 213 A.2d 631 (1963). Plaintiff has also called the Court's attention to a tariff agreement between Lithuania and the

United States, asserting that Metropolitan's refusal to honor the Valanga insurance policy constitutes a violation of this agreement and consequently establishes § 1350 jurisdiction as a "violation * * * of a treaty of the United States." Agreement with Lithuania, July 10, 1926 (54 L.N.T.S. 377). This agreement states at its outset that it topically covers " * * * import and export duties and other duties and charges affecting commerce. * * * " There could be no possible relevancy of this tariff agreement to a suit involving a claim for the proceeds of a life insurance policy. § 1350 jurisdiction cannot be established by mere reference to a treaty totally irrelevant to plaintiff's case, for § 1350 demands strict relevancy by requiring that a "violation" of such treaty be demonstrated. Damaskinos v. Societa Navigacion Interamericana, S. A., Pan., supra.

Further reference has been made by plaintiff to two prior cases before this Court in which aliens recovered the proceeds to which they were entitled as the beneficiaries of insurance policies. Zubchenok v. Prudential Insurance Co., Civil Action 23457 (E.D.Pa.1958); Magyr v. Equitable Life Assurance Society, Civil Action 31632 (E.D.Pa.1962). These cases do not address themselves to § 1350 jurisdiction. The record in both cases discloses that plaintiffs adequately pleaded and established jurisdiction under the general diversity of citizenship statute, and demonstrated presence of the requisite jurisdictional amount in controversy. 28 U.S.C.A. § 1332.

In the present action, plaintiff has not shown the applicability of general diversity of citizenship jurisdiction. Plaintiff's pleadings are silent as to any jurisdictional foundation other than § 1350. To establish diversity of citizenship jurisdiction, plaintiff must show that the amount in controversy exceeds $10,000 "exclusive of interest and costs." 28 U.S.C.A. § 1332(b). Here,

the face value of the Valanga policy is only $3,500. While the state of the law is somewhat unsettled, the better reasoned cases indicate that when the controversy involves the attempted recovery of the proceeds of an insurance policy with a specific face amount, interest accumulation from the accrual of the cause of action cannot be utilized to establish the requisite jurisdictional amount of $10,000 under 28 U.S.C.A. § 1332. Royal Insurance Co. of Liverpool, Eng. v. Stoddard, 201 F. 915 (8th Cir. 1912); Voorhees v. Aetna Life Ins. Co., 250 F. 484 (D.N.J.1918); Athan v. Hartford Fire Ins. Co., 73 F.2d 66 (2nd Cir. 1934); cf. Salkind v. Trafalgar Hospital, 322 F.2d 947 (2nd Cir. 1963). But see, Continental Casualty Co. v. Spradlin, 170 F. 322 (4th Cir. 1909); Brush v. World Fire & Marine Ins. Co., 33 F.2d 1007 (D.Fla. 1929). The rule of not allowing plaintiff to include the interest accruing to the time of the commencement of the action in cases such as the present case is sound. If the rule were otherwise, " * * * an astute plaintiff might have created jurisdiction simply by delaying the filing of his suit until the principal claim plus accrued interest exceeded the required amount in controversy, although of course statutes of limitation would have provided some limit." 1 Moore, Federal Practice, ¶ 0.99[1], n. 8, at 903 (2d ed. 1964). This suggested rationale is quite persuasive in the case at hand, for plaintiff indicates that the contract was under seal and as a consequence, there is no applicable statute of limitations in Pennsylvania, but merely a presumption of payment after a lapse of twenty years. Reed v. Reed, 46 Pa. 239 (1863); Commercial Credit Co. v. County of Northumberland, 23 F.Supp. 747 (M.D.Pa.1938).

In summary, plaintiff has not adequately demonstrated the jurisdiction of this Court over the present action. Consequently, Metropolitan's motion to dismiss for lack of subject matter jurisdiction must be granted. Fed.R.Civ.P.

**330**

12(h) (3). It should be made clear, however, that by finding a lack of subject matter jurisdiction, nothing in this opinion can be construed as passing on the substantive merits of plaintiff's claim. Any such attempted construction would be totally unwarranted inasmuch as this Court finds it impossible to treat the merits of plaintiff's contentions absent proper jurisdiction.

 Finally, in the interest of economy of judicial time and effort, Metropolitan's request for a stay of these proceedings pending the outcome of the prior action, involving the same claim, instituted by plaintiff in the Pennsylvania state courts, warrants brief comment. In Blaney v. Florida National Bank, 357 F.2d 27 (5th Cir. 1966), the Court of Appeals, upon finding a dismissal on jurisdictional grounds to be erroneous, passed on other issues facing the District Court without remand. Clearly, this Court has the power to stay when such is exercised with sound discretion. Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936). The pendency of a prior state action for the same relief is persuasive reason for granting a stay. See, 1 Cyclopedia of Federal Procedure § 2.151 (3d ed. 1966). Accordingly, if it is subsequently determined that jurisdiction has been established in this proceeding, in the alternative, this Court, in its discretion, grants defendant's alternative request for a stay of proceedings pending disposition of the prior Pennsylvania state court action instituted by plaintiff.

### ORDER

And now, to wit, this 4th day of October, A.D.1966, the motion of defendant Metropolitan Life Insurance Company to dismiss for lack of jurisdiction is granted. In the alternative, the motion of defendant Metropolitan Life Insurance Company to stay these proceedings pending disposition of the prior state court action is granted.

And it is so ordered.