Leonard COHEN, Individually and d/b/a
Riegel Textile Co., a single
proprietorship, Plaintiff,

v.

Marilyn HARTMAN; Harry Hartman;
Balart, Inc., N.V., Defendants.

No. 80–6135–CIV–JAG.

United States District Court,
S. D. Florida, N. D.

May 13, 1980.

Joseph S. Paglino, Miami, Fla., for plaintiff.

Jerry B. Schreiber, Miami, Fla., for defendants.

## ORDER OF DISMISSAL

GONZALEZ, District Judge.

THIS CAUSE is before the Court *sua sponte* upon plaintiff's filing of an Amended Complaint.[1] In his Amended Complaint plaintiff, a Canadian citizen residing in Florida, alleges that his employee, defendant, Harry Hartman, a Canadian citizen also residing in Florida, "did embezzle monies from plaintiff in excess of $450,000.00." The funds were allegedly used *inter alia* to purchase and improve Florida realty. This property was subsequently conveyed to the co-defendant, Balart, Inc., N.V., a Netherlands' Antilles corporation. The co-defendant, Marilyn Hartman, is likewise a Canadian citizen residing in Florida.

1. The original complaint alleged that defendants, Marilyn Hartman and Harry Hartman were *residents* of Florida. Inasmuch as the basis for jurisdiction was diversity of citizenship, 28 U.S.C. § 1332, the complaint was dismissed with leave to amend. See Wright, Miller & Cooper, Federal Practice and Procedure § 3611 (1975).

In sum none of the parties to this action is a citizen of the United States.

Plaintiff asserts Federal jurisdiction under 28 U.S.C. § 1350 which provides:

The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States.

The issue before the court is whether such jurisdiction indeed exists here.

In his Amended Complaint plaintiff does not refer to nor does he rely on any treaty of the United States which may have been violated by the defendants' allegedly tortious conduct. Instead plaintiff alleges that the defendants' conduct constitutes a tort committed in violation of the "law of nations".

Although § 1350 finds its origin in Section 9 of the Judiciary Act of 1789, 1 Stat. 73, 77 (1789) it has rarely been relied on, and it has been termed "a kind of legal Lohengrin . . . no one seems to know whence it came." *ITT v. Vencap, Ltd.*, 519 F.2d 1001, 1015 (2d Cir. 1975).

There has been little judicial interpretation of what constitutes the "law of nations" nor is there a universally accepted characterization. *Dreyfus v. Von Finck*, 534 F.2d 24, 30 (2d Cir.), *cert. denied*, 429 U.S. 835, 97 S.Ct. 102, 50 L.Ed.2d 101 (1976); *Khedivial Line, S.A.E. v. Seafarers' International Union*, 278 F.2d 49, 52 (2d Cir. 1960) (per curiam); *Valanga v. Metropolitan Life Ins. Co.*, 259 F.Supp. 324, 327 (E.D. Pa.1963). Of paramount importance in any discussion of § 1350 is that the phrase "law of nations" be narrowly construed to comport with the parameters of Article III. *ITT v. Vencap, Ltd.*, 519 F.2d at 1015.

In *Lopes v. Reederei Richard Schroder*, 225 F.Supp. 292 (E.D.Pa.1963) the court provided one of the most comprehensive discussions of the "law of nations."

What the law of nations is 'may be ascertained by consulting the works of jurists, writing professedly on public laws; or by the general usage and practice of nations; or by judicial decisions recognizing and enforcing that law.' The court's examination . . . must consider the words used as part of an 'organic growth.' *Id.* at 295–96, citations omitted.

In his Commentaries, Kent defined the "law of nations" as, "that code of public instruction which defines the rights and prescribes the duties of nations in their intercourse with each other." 1 Kent Commentaries, 1 (1st ed. 1826). von Redlich wrote that "[i]t is termed the Law of Nations—or International Law—because it is relative to States or Political Societies and not necessarily to individuals, although citizens or subjects of the earth are greatly affected by it." von Redlich, The Law of Nations 5 (2d ed. 1937). See also Brierly, The Law of Nations 1 (6th ed. 1963).

What has evolved is the understanding that a violation of the "law of nations" arises only when there has been "a violation by one or more individuals of those standards, rules or customs (a) affecting the relationship between states or between an individual and a foreign state, and (b) used by those states for their common good and/or in dealings *inter se*." *Lopes*, 225 F.Supp. at 297.

It appears that the only reported decision sustaining the court's jurisdiction under § 1350 for a violation of the "law of nations" is *Abdul-Rhaman Omar Adra v. Clift*, 195 F.Supp. 857 (D.Md.1961).[2] There a fa-

---

2. Jurisdiction under a predecessor to § 1350 was sustained in *Bolchos v. Darrell*, 3 Fed.Cas. No. 1,607, p. 810 (D.S.C.1795) where a *treaty* was violated.

It has also been suggested that under the predecessor statute, as well as a statute providing for jurisdiction over civil actions involving controversies between the United States and foreign nations, Mexican citizens could seek redress for damages incurred when an Ameri-

can irrigation company altered the channel of the Rio Grande River. 26 Op.Atty.Gen. 250 (1907).

It has also been implied that § 1350 would provide the jurisdictional basis for the unjustified seizure of an alien's property in a foreign country by an officer of the United States, *Khedivial Line, S.A.E. v. Seafarers' International Union*, 278 F.2d 49, 52 (2d Cir. 1960) (per curiam), citing *O'Reilly De Camara v. Brooke*,

ther sought to regain custody of his minor daughter from his former wife. Husband was a national of Lebanon, wife was a national of Iraq, and their child was at all times a national of Lebanon. Husband had previously been granted custody of the child by a Lebanese court. After refusing to deliver the child to the father, the mother concealed the child's name and true nationality, and secured admission into the United States under an Iraqi passport. The court held these actions wrongful not only against the United States, 8 U.S.C. § 1182, 18 U.S.C. § 1546, but also against the Lebanese Republic which was entitled to control the issuance of passports to its nationals. *Id.* at 864–65, citations omitted.

Since the wife's acts were tortious, Prosser on Torts, 2d ed., sec. 103, pp. 692–693; Restatement, Torts, sec. 700., and a violation caused a direct and special injury to the husband, the court held it had jurisdiction to entertain the husband's complaint. 195 F.Supp. at 865. (The case was eventually dismissed on other grounds.)

■ Later cases attempting to meet the jurisdictional prerequisite of a violation of the "law of nations" have been unsuccessful. For example, the "law of nations" is not violated where: the claim is based on the doctrine of unseaworthiness, *Lopes v. Reederei Richard Schroder*, 225 F.Supp. 292 (E.D.Pa.1963); a negligence claim is brought under the Jones Act, 46 U.S.C. § 688, *Damaskinos v. Societa Navigacion Interamericana S.A., Pan.*, 255 F.Supp. 919 (S.D.N.Y.1966); or a Russian beneficiary seeks to recover proceeds under a life insurance policy, *Valanga v. Metropolitan Life Insurance Co.*, 259 F.Supp. 324 (E.D.Pa. 1966).

Likewise, an action for wrongful death and for baggage loss against an international air carrier is not an action alleging a violation of the "law of nations." *Benja-*

mins v. British European Airways*, 572 F.2d 913 (2d Cir. 1978), *cert. denied*, 439 U.S. 1114 (1979); nor is the "law of nations" violated where a Swiss citizen brings an action against a West German citizen for alleged wrongful confiscation of property in Nazi Germany in 1938. *Dreyfus v. Von Finck*, 534 F.2d 24 (2d Cir. 1976). In *ITT v. Vencap, Ltd.*, 519 F.2d at 1001, the court held that § 1350 does not provide jurisdiction in an action for fraud, conversion, and corporate waste; and *Abiodun v. Martin Oil Service, Inc.*, 475 F.2d 142 (7th Cir.), *cert. denied*, 414 U.S. 866 (1973) held that allegations of a fraudulent breach of contract do not provide a basis for claiming a violation of the law of nations.

■ In the instant case plaintiff alleges that defendant, Harry Hartman, converted or embezzled funds and breached his fiduciary duty. Plaintiff attempts to allege jurisdiction pursuant to § 1350 based upon the recognition of both the United States and Canada of the torts of conversion and breach of fiduciary duty. Such allegations fail to meet the jurisdictional prerequisite of "a tort . . . [committed in] violation of the law of nations" since the acts alleged are not so flagrant as to violate "the rules of conduct which govern the affairs of this nation, acting in its national capacity, in its relationships with any other nation." *Valanga*, 259 F.Supp. at 328.

Judge Friendly's pronouncement in *Vencap* is dispositive of the issue herein.

[This court] cannot subscribe to plaintiffs' view that the Eighth Commandment 'Thou shalt not steal' is part of the law of nations. While every civilized nation doubtless has this as part of its legal system, a violation of the law of nations arises only when there has been 'a violation by one or more individuals of those standards, rules or customs (a) affecting the relationship between states or be-

209 U.S. 45, 28 S.Ct. 439, 52 L.Ed. 676 (1908); and for the failure to accord comity to the ships of a foreign nation. *See Khedivial Line*, 278 F.2d at 52.

More recently, in *Nguyen Da Yen v. Kissinger*, 528 F.2d 1194, 1201 n. 13 (9th Cir. 1975) the

court said that § 1350 may be applicable to an action alleging the illegal seizure and removal of an alien from a foreign country against his will.

tween an individual and a foreign state, and (b) used by those states for their common good and/or in dealings *inter se*.' 519 F.2d at 1015, *quoting Lopes*, 225 F.Supp. at 297.

It is accordingly,

ORDERED AND ADJUDGED as follows:

1. That Plaintiff's Amended Complaint be and the same is hereby DISMISSED without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1350.

2. That the Lis Pendens filed in this cause be and the same is hereby dissolved, cancelled, set aside, and held for naught by virtue of the dismissal of the Amended Complaint.