### Eleftherios STAMOULOS

### v.

### HOWLAND PANAMA S.A., Springfield Shipping Co. Panama S.A., Central American Steamship Agency, Inc.

### Civ. A. No. 84–667.

United States District Court,
E.D. Louisiana.

March 28, 1985.

Lawrence S. Kullman, New Orleans, La., for plaintiff.

Robert H. Murphy, New Orleans, La., for defendants.

McNAMARA, District Judge.

Before this court is the motion of the Defendant, Howland Panama S.A. (Howland), to Dismiss on the grounds of *forum non conveniens.* The Motion, which was scheduled to be heard Wednesday, March 27, 1985, is before this court without oral argument. After notifying counsel for Plaintiff and Defendants, this matter was taken under submission.

Eleftherios Stamoulos, a citizen of Greece, brought this action under the Jones Act, 46 U.S.C. § 688, and the General Maritime Law against his employer, Howland Panama S.A., a corporation existing under the laws of the Nation of Panama with its principal office and sole base of operation in Montevideo, Uruguay, to recover for injuries allegedly sustained on August 13, 1982 in the service of the M/V OLYMPIC PROGRESS. As noted, Defendant has moved to dismiss the case on the grounds that it was brought in a *forum non conveniens.*

Counsel for Plaintiff submitted a memorandum in opposition to this Motion in which he chose not to submit any written opposition to Howland's Motion to Dismiss.

The court has considered the choice of law factors enunciated in *Lauritzen v. Larson,* 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) and *Hellenic Lines Ltd. v. Rhoditis,* 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970) and finds by application of these factors, that the Eastern District of Louisiana is an inconvenient forum in

which to try Stamoulos' case against Howland Panama S.A. The court further finds that U.S. law is not applicable and that Greek law is applicable. The proper judicial forum for this action is in Greece.

Accordingly, the Motion of Howland Panama S.A. to Dismiss on the grounds of *forum non conveniens* is hereby GRANTED and Stamoulos' case against Howland will be conditionally dismissed with prejudice. If Stamoulos decides to file suit in Greece against Howland within ninety (90) days of dismissal, Howland shall meet the following conditions: that Howland Panama S.A. submit to service of process and jurisdiction in the appropriate Greek court in which Stamoulos shall have filed suit; that in the Greek proceeding, Howland Panama S.A. formally waive any statute of limitations defense that has matured since the commencement of this action in the Eastern District of Louisiana; that in the Greek court, Howland Panama S.A. formally agree to make available therein all relevant witnesses and documents within its control; that in the Greek proceedings, Howland Panama S.A. formally agree to satisfy any final judgment rendered by the court; and that should Howland Panama S.A. fail to promptly meet any of these conditions, the court shall resume jurisdiction over this case.