Eleftherios STAMOULOS

v.

**HOWLAND PANAMA S.A., Springfield Shipping Co. Panama S.A., Central American Steamship Agency, Inc.**

Civ. A. No. 84–667.

United States District Court,
E.D. Louisiana.

April 15, 1985.

Lawrence S. Kullman, New Orleans, La., for plaintiff.

Robert H. Murphy, New Orleans, La., for defendants.

McNAMARA, District Judge.

Eleftherios Stamoulos, a citizen of Greece, brought this action under the Jones Act, 46 U.S.C. § 688, and the general maritime law against Howland Panama S.A., Springfield Shipping Company Panama S.A., and Central American Steamship Agency, Inc., to recover for injuries allegedly sustained on August 13, 1982 in the service of the M/V OLYMPIC PROGRESS. On March 28, 1985, 610 F.Supp. 453, this court granted Howland's Motion to Dismiss on the grounds of *forum non conveniens.* Defendants, Springfield and Central American, now move for Summary Judgment seeking to dismiss the claims against them. For the reasons stated below, the Motions will be granted and Stamoulos' case will be dismissed.

FACTS

On July 29, 1982, Stamoulos signed a maritime employment agreement in Piraeus, Greece, with Springfield, who openly served as an agent and representative of Howland for purposes of executing the employment agreement. Stamoulos was hired to serve as a junior engineer aboard the M/V OLYMPIC PROGRESS. He joined the vessel in Mexico shortly thereafter. The Plaintiff alleges that on August 13, 1982, he was involved in an accident aboard the M/V OLYMPIC PROGRESS.

The maritime employment agreement between Stamoulos and Howland Panama S.A. was written in Greek, executed in Greece, and clearly provides that any dispute between the parties arising out of this employment relationship would be resolved exclusively by Greek courts.

The M/V OLYMPIC PROGRESS is a Greek flag vessel, registered under the laws of Greece, which is owned by Howland Panama S.A., a Panamanian corporation with its principle office and sole base of operation located in Montevideo, Uruguay. The employment agreement expressly designates Howland Panama S.A. as the *sole* employer of Stamoulos.

Defendant, Springfield Shipping Company Panama S.A. is a corporation existing under the laws of the Nation of Panama with its principle office and sole base of operation in Greece. The directors and officers of Springfield are all British and Uruguaian nationals and citizens. Essentially, Springfield is a maritime agency which negotiates employment contracts with seamen on behalf of vessel owners. In this instance, Springfield was a disclosed agent of Howland in which it acted specifically to locate seamen to serve as crew members aboard the M/V OLYMPIC PROGRESS in 1982. Springfield is an entity independent of both the owner, Howland, and the vessel, M/V OLYMPIC PROGRESS. Springfield had no ownership interest in the vessel.

Defendant, Central American is a corporation existing under the laws of the State of New York, with its principle place of business in New York. Central American also had no ownership interest in the M/V OLYMPIC PROGRESS and no control over the hiring of crew members and made no decision regarding the operation of the vessel. Central American only provided husbanding agency services to the vessel and her owners in August, 1982.

I. SPRINGFIELD'S MOTION FOR SUMMARY JUDGMENT

Stamoulos argues that summary judgment in favor of Springfield is improper because there are contested material facts as to whether Springfield was his "employer" for purposes of Jones Act liability.

■ It is axiomatic that an employer-employee relationship is essential before liability may be imposed under the Jones Act. *Spinks v. Chevron,* 507 F.2d 216 (5th Cir. 1975). The Fifth Circuit in *Guidry v. South Louisiana Contractors, Inc.,* 614 F.2d 447 (5th Cir.1980), set forth the proper legal standard to be applied under the Jones Act to determine whether an employer-employee relationship has been established.

> "A Jones Act claim also requires proof of an employment relationship either with the owner of the vessel or with some other employer who assigns the worker to a task creating a vessel connection, for "by the express terms of the Jones Act an employer-employee relationship is essential to recovery." *Spinks v. Chevron Oil Co.,* 507 F.2d 216, 224 (5th Cir. 1975). The employer need not be the owner or the operator of the vessel. *Barrios v. Louisiana Construction Materials Co.,* 465 F.2d 1157 (5th Cir.1972). Independent contractors may be liable under the act, *Mahramas v. American Export Isbrandtsen Lines, Inc.,* 475 F.2d 165, 171 (2nd Cir.1973); *Barrios v. Louisiana Construction Materials Co.,* 465 F.2d 1157 (5th Cir.1972). And a third person who borrows a worker may become his employer if the borrowing employer assumes enough control over the worker. *Ruiz v. Shell Oil Co.,* 413 F.2d 310 (5th Cir.1969). However, even if a seaman is deemed to be a borrowed servant of one employer, this does not automatically mean that he ceases to be his immediate employer's servant for Jones Act purposes. *Spinks v. Chevron Oil Co.,* 507 F.2d 216, 224 (5th Cir.1975). And it may also be possible for a seaman to have more than one Jones Act employer. *Id.* at 225–26.

*Id.* at 452.

■ In the present case, Springfield acted specifically as an agent and representative of Howland Panama S.A. when entering into a maritime employment agreement with Stamoulos. The applicable employment agreement clearly sets forth that Howland Panama *solely* was the employer of Stamoulos and that Springfield was a disclosed agent acting on behalf of Howland for purposes of executing the employment agreement with Stamoulos.

The Plaintiff relies upon *Guidry v. South Louisiana Contractors, Inc.,* 614 F.2d 447 (5th Cir.1980) and *Spinks v. Chevron Oil Co.,* 507 F.2d 216 (5th Cir.1975), to establish that Springfield was Stamoulos' Jones Act employer. However, these cases are inapposite to the present situation. Both *Guidry* and *Spinks* dealt with the offshore drilling operations where companies customarily contract for all labor. In those cases, a person hired and paid by one party was then loaned out to another party who assumed control of the work operations and the employee. In those cases, the immediate employer was not acting as a crewing agent but rather was acting as an independent contractor, contracting out the services of its employees to oil exploration companies. Furthermore, the facts of this case indicate that the maritime employment agreement establishes that Howland Panama S.A., as owner of the M/V OLYMPIC PROGRESS, was ultimately liable for Stamoulos' wages pursuant to the Greek collective agreement in force.

The facts of the instant case are similar to *Volyrakis v. M/V ISABELL,* 668 F.2d 863 (5th Cir.1982). In that case the Fifth Circuit held that a New York corporation serving as an agent for the vessel cannot be held liable under the Jones Act for an injury sustained by a crew member of that vessel. In *Volyrakis,* the agent performed no activities relative to hiring the plaintiff, had no control over the hiring or firing of the vessel's crew and made no decisions concerning the direction and supervision of the vessel's crew. Under the facts of that case, the Fifth Circuit affirmed the District Court's dismissal of the plaintiff's claims against the vessel's agent. The only significant factual distinction between *Volyrakis* and the instant case, is that in this case the agent did perform certain activities with regard to hiring the Plaintiff but did so only as a disclosed agent of Howland Panama. This court finds that factual distinction to be of no legal significance.

It is firmly established that an agent for the vessel owner, even though signing the shipping articles of the employee, does not become the employer of the seaman under the Jones Act or the general maritime law. *Cosmopolitan Shipping Co., Inc. v. McAllister*, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692 (1949); *Fink v. Shepard*, 337 U.S. 810, 69 S.Ct. 1330, 93 L.Ed. 1709 (1949); *Cruz v. Maritime Overseas Corp.*, 1963 A.M.C. 1870 (S.D.N.Y. 1962).

In light of the foregoing, Stamoulos has failed to establish the requisite facts which are necessary to form an employer-employee relationship with Springfield. The uncontroverted facts indicate that Springfield had no ownership interest in the M/V OLYMPIC PROGRESS and was simply negotiating employment contracts with seamen as a disclosed agent on behalf of Howland in August 1982. Furthermore, the Plaintiff has no basis to assert a general maritime law claim against Springfield.

Accordingly, the court GRANTS Springfield Shipping Company's Motion for Summary Judgment DISMISSING, with prejudice, the Plaintiff's claims under the Jones Act and general maritime law against Springfield.

## II. CENTRAL AMERICAN'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff concedes that he does not have a cause of action against Central American under the Jones Act or for unseaworthiness under the general maritime law. See, *Damaskinos v. Societa Navigacion Interamericana, S.A. Panama*, 255 F.Supp. 919 (S.D.N.Y.1966); *Dassigienis v. Cosmos Carriers and Trading Corp.*, 1970 A.M.C. 1517 (S.D.N.Y.1970); *Raglin v. Norton Lilly & Co.*, 1981 A.M.C. 686 (S.D.N.Y.1981).

In this instance, the Plaintiff however contends that he has a cause of action against Central American in maritime tort. The Plaintiff argues that Central American owes a duty to Stamoulos to assist the vessel owner in providing the Plaintiff with appropriate medical attention as a result of his injuries.

The evidence is clear that Central American was merely a husbanding agent which acted on specific instructions from its principals and had no authority, without specific instruction, to take any action whatsoever with respect to an injured seaman. There is no evidence that Central American failed to fulfill its duties as husbanding agent. Outside of its duties as husbanding agent, Central American owed no independent duty to Plaintiff. As noted, in Jones Act and general maritime cases, a husbanding agent has not been held liable for personal injuries suffered by a seaman. Similarly, this court concludes that Central American, as a husbanding agent, is not liable for Plaintiff's personal injuries as a result of a maritime tort.

Accordingly, there being no genuine issue of material fact in this case concerning Defendant, Central American Shipping Company, its Motion for Summary Judgment is GRANTED and Plaintiff's cause of action against the Defendant, Central American is hereby DISMISSED.