**Rene Valverde VARGAS**

v.

**M/V MINI LAMA, et al.**

**Civ. A. No. 88–2264.**

United States District Court,
E.D. Louisiana.

March 22, 1989.

Maria I. O'Byrne Stephenson, New Orleans, La., for plaintiff.

Regan & Associates, Isidro René Derojas, Martin E. Regan, Jr., New Orleans, La., for intervenors.

Chaffe, McCall, Phillips, Toler & Sarpy, Robert H. Murphy, Trial Atty., Carlos D. delaVega, New Orleans, La., for Elmini Lama Inc., Ceres Hellenic Shipping Enterprises, Seagroup Inc., Rivergulf Agency Inc.

ORDER AND REASONS

FELDMAN, District Judge.

Plaintiff, Rene Valverde Vargas, filed this Jones Act suit in connection with an accident aboard the M/V MINI LAMA, on May 13, 1988.[1] Defendant Elmini Lama

---

1. Plaintiff's accident occurred when the MINI LAMA was on a call to New Orleans. Plaintiff alleges that the accident occurred while he was

using a piece of wood to guide an anchor chain into a chain locker, as the anchor winch hoisted the anchor. He claims that his left hand was

owns the MINI LAMA. Defendants Seagroup, Inc., Rivergulf Agency, Inc., and Hellenic Shipping Enterprises, Inc., have been previously dismissed. Elmini Lama moves for dismissal based on the doctrine of *forum non conveniens*. It seeks to have this case litigated in either Greece or Peru, rather than in Louisiana.

In *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir.1987) (en banc), the Fifth Circuit established the step-analysis a district court must apply to determine if the doctrine requires dismissal:

> The district court must first decide whether an available and adequate foreign forum exists....
>
> If the court concludes that the foreign forum is both available and adequate, it should then consider all of the relevant factors of private interest, weighing in the balance the relevant deference given the particular plaintiff's initial choice of forum....[2]
>
> If the district court finds that the private interests do not weigh in favor of the dismissal, it must then consider the public interest factors. *Id.* at 1165.

Thus, the Court must, as a threshold matter, determine the adequacy and availability of an alternative forum, and then continue with a step-analysis of the factors listed.

### I. Available and Adequate Alternative Forum

It seems clear that forums in both Greece and Peru are at the least available. The Fifth Circuit instructs that a "foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum." *Id.* Here, Elmini Lama has stated unequivocally that it is willing to submit to the jurisdiction of either Greece or Peru.

Similarly, it appears that both alternative forums are adequate. *Air Crash Disaster*

also counsels that a "forum is adequate when the parties will not be deprived of all remedies or treated unfairly, [citation omitted], even though they may not enjoy the same benefits as they might receive in an American court." *Id.* Plaintiff complains that presenting this case in either of the alternative forums will be inconvenient; that is, expensive and logistically burdensome. Although plaintiff's assertion evokes some sympathy, this contention implicates only the private interest phase of the *forum non conveniens* analysis; it has no force here. Of some pause for concern is plaintiff's statement that neither of the alternative forums offers plaintiff remedies that are as accommodating to an injured seaman as the Jones Act.[3] That might well be correct. However, as the Fifth Circuit stressed in *Air Crash Disaster*, the alternative forum can be adequate even though the plaintiff may not enjoy the same benefits in the alternative forum that he may enjoy in the selected forum. *Id.*; *See Gonzalez v. Naviera Neptuno A.A.*, 832 F.2d 876 (5th Cir.1987) (court dismissed suit because of *forum non conveniens* in favor of Peruvian forum); *Stamoulos v. Howland Panama S.A.*, 610 F.Supp. 454 (D.C.La. 1985) (court dismissed suit because of *forum non conveniens* in favor of Greek forum).

### II. Private Interests

Since alternative forums are both available and adequate, the analysis moves to the next level of inquiry. *Air Crash Disaster* next requires the Court to consider the several private interest factors in determining which forum is most convenient for this litigation:

> The private interests to be considered are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing,

---

injured when it became entangled in the anchor winch along with the piece of wood he had been using.

2. But, the court added,

[A] foreign plaintiff's selection of an American forum deserves less deference than an

American citizen's selection of his home forum. *Id.* at 1164.

3. For instance, plaintiff claims that Peru does not have a structured body of marine personal injury law.

witnesses; probability of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility [sic] of a judgment if one is obtained. *Id.* at 1162, *quoting Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 [67 S.Ct. 839, 843, 91 L.Ed. 1055] (1947).

Although an application of these factors suggests no easy answer (*Air Crash Disaster* rules are clearer than the policy they seek to further), this Court concludes that Greece rather than Louisiana is the most convenient forum for this litigation. None of the primary witnesses to the accident—the crew members of the MINI LAMA—are citizens of or reside in the United States. Three to four of the crewmembers are Greek, and the others are from the Philippines, El Salvador, Guyana and Peru (the plaintiff).[4] Although plaintiff was treated in Louisiana immediately after the accident, his current treating physicians and physical therapists are located in Peru. It is instructive to note that the vessel appears to have been operated out of Greece and that the maintenance and repair records of the vessel, as well as plaintiff's wage accounts, are maintained in Greece.[5]

Plaintiff argues strenuously that Louisiana is the most convenient forum because, among other considerations, several of its expert witnesses are located in New Orleans. However, as defendant persuasively points out, expert witnesses, unlike fact witnesses, often can be selectively chosen by the party seeking to thwart a *forum non conveniens* dismissal. To permit such practice would undermine the conceptual underpinnings of *forum non conveniens. See Gilbert,* 330 U.S. at 507, 67 S.Ct. at 842 (Court noted that historically states have met misuse of venue by changing the place of trial for the convenience of witnesses and the ends of justice).[6]

It is further useful to point out that, especially given the close balance of this private interest analysis,[7] district courts must and do have discretion in granting a motion to dismiss for *forum non conveniens* when "foreign law will predominate if jurisdiction is retained." 821 F.2d at 1165–66. If one even casually takes note of the tests found in *Lauritzen v. Larsen,* 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) (choice of law in multi-national Jones Act context) it appears that the law of Greece should apply.[8] Of some signifi-

**4.** Plaintiff insists on confirmation that the crewmembers are indeed residents of these countries. Also, plaintiff may contest whether all of these crewmembers are relevant fact witnesses. But such speculation does not change the analysis.

**5.** Plaintiff disputes whether Elmini Lama has its principal place of business in Greece. But the record tilts against plaintiff, who offered no reliable proof to the contrary.

**6.** Despite plaintiff's invocation of *Poseidon Schiffahrt, G.M.B.H., v. The M/S Netuno,* 474 F.2d 203 (5th Cir.1973) as authority, the case does not stand for the proposition that the hiring of experts is a matter to be considered in defeating such a motion. In fact, no mention is made of expert witnesses as a *forum non conveniens* test. At issue in *Poseidon* was whether the district court applied the correct standard.

**7.** For instance, with regard to the factor concerning "practical problems that make trial of a case easy, expeditious", litigation in each forum would present serious problems of expense and language translation. If the trial were held in Louisiana, significant problems would be encountered in transporting witnesses at a reasonable cost. Also, there would be problems in translating the witnesses' testimony from Spanish or Greek to English. Undoubtedly, similar problems would occur if trial were to take place in Greece or Peru. Plaintiff is trapped by the universality of his own argument.

**8.** The Supreme Court announced the following factors in determining the choice of law to apply in a maritime tort claim: (1) place of the wrongful act; (2) law of the flag; (3) allegiance or domicile of the injured person; (4) allegiance of the defendant shipowner (5) place of contract; (6) inaccessibility of foreign forum and (7) the law of the forum. 345 U.S. at 583–90, 73 S.Ct. at 928–32. Application of these factors leads to no clear result. For instance, the place of the wrongful act was New Orleans, the domicile of the plaintiff is Peru, the plaintiff was hired in El Salvador. Moreover, despite the affidavit of Dimitrious P. Tsakos, Secretary of Elmini Lama, that the MINI LAMA's port of registry is Piraeus, Greece, and that all shares of Elmini Lama are owned by Greek citizens or residents, plaintiff contends that Elmini Lama's principal place of business is not Greece, al-

cance in arriving at this conclusion is that the MINI LAMA was a Greek flag vessel when the accident happened. Indeed the *Lauritzen* Court found such a factor to be all-important:

> Perhaps the most venerable and universal rule of maritime law relevant to our problem is that which gives cardinal importance to the law of the flag.... It is significant to us here that the weight given to the ensign overbears most other connecting events in determining applicable law. 345 U.S. at 584–85, 73 S.Ct. at 929–30.[9]

In sum, the conclusions the Court has reached in granting this motion are not quickly obvious, but they seem the wisest under the circumstances. Greece is the most convenient forum in which to litigate this case, and Greek law should undoubtedly be applied in that forum.[10]

Accordingly, for the foregoing reasons, Defendant Elmini Lama's Motion To Dismiss for *Forum Non Conveniens* is GRANTED and the case is DISMISSED. However, the Court will retain jurisdiction over this case if Elmini Lama and the MINI LAMA refuse (1) to promptly submit to the jurisdiction of the courts of Greece, (2) to guarantee satisfaction of any judgment entered against it or the MINI LAMA in Greece and (3) to waive any statute of limitations defense in Greece. Elmini Lama shall indicate its written acquiesence to these conditions within ten days or this case will be reopened on plaintiff's motion and reinstated on the Court's trial calendar.

---

though plaintiff's position finds no reliable support in this record.

9. The Court also noted that this factor should be weighed more heavily than the place of the accident:

> But the territorial standard is so unfitted to an enterprise conducted under many territorial rules and under none that it usually is modified by the more constant law of the flag. 345 U.S. at 584 [73 S.Ct. at 929].

*See also, Koupetoris v. Konkar Intrepid Corp,* 535 F.2d 1392, 1396 (2nd Cir.1976) (Greek seaman brought Jones Act suit against Greek shipowner) where the court stated:

> That the plaintiff's injuries occurred off the coast of the United States is purely fortuitous, and a factor of minimal importance in supporting application of the [Jones] Act. *Id.* at 1396.

10. Having decided that the private interest analysis favors Elmini Lama, it is unnecessary to turn to the public interest factors.